Ann Bowie SMITH, Appellant,

v.

William C. SHELTON et al., Executors of the Estate of Eleanor Patterson, Deceased, Appellees.

No. 12122.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 27, 1954.

Decided Nov. 19, 1954.

---

1. Act of June 19 ,1934, as amended, 47 U.S.C.A. § 309(b).

Mr. J. Edward Burroughs, Jr., Washington, D. C., with whom Mr. George C. Pendleton, Washington, was on the brief, for appellant.

Mr. Benjamin W. Dulany, Washington, D. C., with whom Mr. Edmund D. Campbell, Washington, D. C., was on the brief, for appellees.

Before WILBUR K. MILLER, PRETTYMAN and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

In 1931 Eleanor Patterson purchased "Dower House," an estate of approximately 532 acres in Prince George's County, Maryland. She died July 24, 1948, leaving a writing dated June 21, 1946, which was admitted to probate as her last will and testament. Article Fifth of the will is as follows:

"Fifth: I give, devise and bequeath to my friend, Ann Bowie Smith, of Melwood, Marlboro, Maryland, the wife of Edward James Smith, my estate known as 'Dower House' situate in Prince Georges County, Maryland, including all of the real property, improvements and houses comprising the same, and the house furnishings contained in the said improvements, as well as all farm and other equipment and livestock in and upon said premises, absolutely and in fee simple."

Some ten years after the acquisition of the Dower House estate Mrs. Patterson bought from one Hunnicutt a tract of 16½ acres which lay to the west of Dower House and across the public road from the main entrance.

The executors brought this suit for a construction of the will and for the instructions of the court as to the ownership of the 16½-acre Hunnicutt tract, stating the question thus:

"(a) Does the will operate to convey the above described real property as part of the estate known as 'Dower House' under Article '*Fifth*', or does said property fall within the residuary estate under Article '*Eleventh*' as being property not specifically devised?"

A Special Master conducted hearings and then made detailed findings of fact from which he concluded, *inter alia*, that the 16½-acre Hunnicutt tract passed to Ann Bowie Smith under Article Fifth of the will, and did not fall within the residuary Article Eleventh. The District Judge adopted the Master's findings of fact, but concluded therefrom as a matter of law that the 16½-acre Hunnicutt tract had never been incorporated into the Dower House estate and was not, specifically or otherwise, devised to Ann

Bowie Smith under Article Fifth of Eleanor Patterson's will, but was devised as a part of her residuary estate under Article Eleventh. Mrs. Smith appeals.

The 16½-acre tract is not mentioned, described or specifically devised in Article Fifth or any other provision of the will. It passes, therefore, as a part of the residuary estate unless extraneous evidence shows the testatrix intended to include it in the devise of Dower House expressed in Article Fifth. If that specific devise were aided by such extraneous evidence, its language could be construed to include the Hunnicutt land; for, as appellant suggests, testamentary terms such as "my farm" or "my estate" may in some circumstances include a non-contiguous tract.

Since Article Fifth is susceptible of being construed to include the small tract if that were Mrs. Patterson's intention, and since appellant says extraneous facts and circumstances demonstrate her intention to include it, resort must be had to the evidence. Accordingly we turn to the findings of fact.

Mrs. Patterson purchased the 16½-acre tract in about 1941 because of a rumor it was about to be sold as a site for a roadside tavern. She desired to protect Dower House from that development. She seems to have made no active use of the Hunnicutt land except to store in a small barn, the only improvement thereon, certain hay cut from the large tract.

In February, 1944, after she had owned the 16½-acre piece for about three years, Mrs. Patterson employed a civil engineer to survey her Dower House estate because she was having a "friendly misunderstanding" as to the line between that estate and property adjoining on the north. She went around the estate with the engineer and showed him its boundaries, but did not tell him the small tract across the road was a part of it; and the finished plats delivered to her do not show the Hunnicutt land as a part of Dower House.

After the survey had been made and on August 31, 1944, Mrs. Patterson executed a will (which was revoked by the testament of June 21, 1946), in which by Article Fourth she specifically devised the 16½-acre tract to Rhoda Christmas, describing it as "my real estate situate across from the lake of *my 'Dower House' estate, hereinafter described,* said real estate having been acquired by me about two years ago * * *." (Italics supplied.) Having so disposed of the Hunnicutt land in Article Fourth, Mrs. Patterson proceeded in Article Sixth of the 1944 will to devise the Dower House estate to Ann Bowie Smith just as she did in Article Fifth of the last will made in 1946.

The appellant argues thus: Mrs. Patterson, having purchased the 16½-acre tract to protect Dower House from undesirable neighbors, used it primarily for that passive purpose. The only active use of the small tract was also for the convenience of Dower House, i.e., for the storage of hay therefrom. The 16½-acre tract is thus stamped as an appurtenance to the Dower House tract on which Mrs. Patterson wanted her friend to be able to live with the same appurtenant safeguards and protection which she herself enjoyed. That conclusion is re-enforced by the fact that in Article Ninth of her will Mrs. Patterson established a five-year annuity of $5,000 for Ann Bowie Smith.

From these considerations the appellant contends the small tract passed with the devise of Dower House as an appurtenance thereto under the doctrine of Jones v. Holloway, 1944, 183 Md. 40, 36 A.2d 551, 152 A.L.R. 933, which is cited as controlling authority on the point. There it was held that an appurtenance customarily enjoyed by the testator in connection with his home which tended to make it more convenient and agreeable passed with the devise thereof. The appellant makes this further observation:

" * * * Moreover, it would be a wholly unwarranted, unjust and unnatural interpretation of testatrix's mental processes and actions

to conclude that she intended to strip 'Dower House' of the protection which the 16½ acres afforded it during here lifetime simply to increase the residual trust by a comparatively negligible amount at the expense of her very, very dear friend and beneficiary. * * *"

The considerations which appellant says must have moved Mrs. Patterson to intend to give the small tract to Mrs. Smith as a part of Dower House were just as compelling August 31, 1944, when the testatrix wrote the prior will to which we have referred, as they were June 21, 1946, when the last will was written. Yet the 1944 will shows beyond question that Mrs. Patterson did not then regard the Hunnicutt land as a part of Dower House, and did not then intend it to pass with the devise thereof. For in that instrument, although she left Dower House to Mrs. Smith as she did in her last will, Mrs. Patterson in Article Fourth thereof specifically devised the 16½-acre tract to another friend, Rhoda Christmas, describing it in language which is significant here: " * * * my real estate situate across from the lake of my 'Dower House' estate, *hereinafter described * * *.*" (Italics supplied.)

Having so stated, Dower House was thereinafter described and devised in Article Sixth as follows:

"Sixth: I give, devise and bequeath to my friend, Ann Bowie Smith, of Melwood, Marlboro, Maryland, the wife of Edward James Smith, my estate known as 'Dower House' situate in Prince Georges County, Maryland, including all of the real property, improvements and houses comprising the same, and the house furnishings contained in the said improvements, as well as all farm and other equipment and livestock in and upon said premises, absolutely and in fee simple."

It will be observed that the foregoing provision of the 1944 will, which obviously did not devise the small tract to Mrs. Smith, is identical with the first paragraph of Article Fifth in the last will which is now under consideration.

In addition to the prior will, which we think conclusively shows Mrs. Patterson did not then consider the Hunnicutt tract to be 'a part of Dower House, it is also true that in February, 1944, she did not so consider it, as she did not have it included in the survey.

The question is thus narrowed to the inquiry whether the testatrix, at some time after August 31, 1944, came to regard the Hunnicutt land as a part of Dower House and formed the intention of devising it to the appellant as a part of the large estate. We find nothing in the record so indicating. To the contrary, the identity of the devises of Dower House in the 1944 and 1946 wills shows that in the latter she intended to give Ann Bowie Smith the same estate which she had given her in the former.

The revoked 1944 will was a lengthy document, carefully drawn by a competent legal draftsman to dispose of an estate worth millions of dollars. The last will, which is also lengthy, apparently was prepared by the same draftsman, or at least by one equally competent. If Mrs. Patterson had told him in 1946 she wanted to give Mrs. Smith the 16½-acre tract as well as Dower House, it is hardly probable that he would have carried out her instructions by merely repeating in the new devise to appellant the 1944 description of Dower House which he knew did not include the Hunnicutt tract.

For the reasons stated heretofore, we hold Mrs. Patterson did not intend to, and therefore did not, devise the 16½-acre tract to Ann Bowie Smith by Article Fifth of her last will. She did not devise it to Rhoda Christmas, as she had done in the revoked will of 1944; nor did she make a specific devise of it to anyone else. It follows that, as the testatrix did not sell or otherwise dispose of the small tract during her life but remained the owner at death, we must conclude she wanted it to pass under the residuary provision of her will.

Affirmed.